UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| TRACY GARRETT,<br><br>  Plaintiff,<br><br>V.<br><br>LT. ERIC NIPPER, *et al.*,<br><br>  Defendants. | Civil Action No. 5: 20-064-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Tracy Garrett is an inmate confined at the Bourbon County Regional Detention Center in Paris, Kentucky. Proceeding without an attorney, Garrett has filed a civil rights action pursuant to 42 U.S.C. § 1983. [R. 8] By separate order, the Court granted Garrett's motion to proceed without prepayment of the filing fee. [R. 11][1]

The Court must conduct a preliminary review of Garrett's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court evaluates Garrett's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual

---

[1] After being granted a requested extension of time to do so [R. 12, 13], Garrett has also now paid the initial partial filing fee assessed by the Court's Order granting his motion to proceed *in forma pauperis*.

allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Garrett describes an incident in which he alleges that Defendant Lt. Eric Nipper[2] grabbed Garrett, twisted his arms, jumped on his back and choked him, took his legs out from underneath him and slammed him very hard and aggressively on Garrett's shoulder. [R. 8 at p. 2-3] He states that he was not taken for a medical examination for 48 hours, at which time x-rays showed that his shoulder was fractured. [*Id*. at p. 2] He also alleges that Lt. Nipper later took a mat from Garrett, resulting in Garrett being charged $100.00 for the mat by the jail. [*Id*. at p. 5]

Garrett also alleges that Defendant Nurse Amanda Smith told Garrett this his medical options for his shoulder were either surgery or to get a "bone insemalator," but if he got the bone treatment, he would be isolated for six months. [*Id*. at p. 5] However, she refused to call a doctor to inquire about whether Garrett could have surgery, essentially forcing him to choose the bone treatment and forced isolation. [*Id*.] He also alleges that Smith improperly told jail staff that Garrett was medically cleared to work when he was not. [*Id*.]

After reviewing the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, the Court finds that, although Garrett does not specify the constitutional rights that he claims have been violated, his allegations suggesting the use of excessive force and deliberate indifference to his medical needs may be broadly construed to invoke the Eighth Amendment. The Court further concludes that a response is required from Defendants Nipper and Smith before this matter may proceed further. Because the Court has granted Garrett *pauper* status, the Clerk's Office and the United

---

[2] Although the Court's docket identifies this Defendant as "Eric Ripper," a review of the complaint filed by Garrett at R. 5 shows that it more clearly identifies this Defendant as "Eric Nipper."

States Marshals Service ("USMS") will serve Defendants Nipper and Smith with a summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, although Garrett also identifies the Bourbon County Regional Detention Center (the "BCRDC") as a Defendant,[3] the BCRDC is not a viable defendant because it is merely a building - it is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Even if the Court were to construe Garrett's claim as one against Bourbon County, because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Garrett makes no allegation that the events about which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Thus, Garrett's claims against the BCRDC will be dismissed.

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court shall update the docket to **SUBSTITUTE** "Lt. Eric Nipper" for the Defendant currently identified as "L.T. Eric Ripper." The Clerk shall also **ADD** the Bourbon County Regional Detention Center as a Defendant.

2. Garrett's claims against the Bourbon County Regional Detention Center are **DISMISSED**.

---

[3] Although Garrett does not list the BCRDC separately in the "Defendants" section of the form complaint [R. 8 at p. 1-2], he does include the BCRDC as a Defendant in his case caption. [*Id*. at p. 1] He also filed a letter with the Court in which he clarified his intention to bring a claim against the BCRDC itself. [R. 15]

3

3. A Deputy Clerk shall prepare two "Service Packets" for service upon Defendants Lt. Eric Nipper and Nurse Amanda Smith. These Service Packets shall include:

   a. a completed summons form;

   b. the Complaint [R. 8];

   c. this Order; and

   d. a completed USM Form 285.

4. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

5. The United States Marshals Service shall make arrangements with the appropriate officials at the Bourbon County Detention Center to personally serve Defendants Lt. Eric Nipper and Nurse Amanda Smith with a Service Packet at the Bourbon County Regional Detention Center, 101 Legion Road, Paris, Kentucky 40361.

6. Garrett must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

7. If Garrett wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Garrett files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

Dated June 25, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY