**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| **TRACY GARRETT,** | **CIVIL ACTION NO. 5:20-64-KKC** |
| **Plaintiff,** | |
| **V.** | **MEMORANDUM ORDER** |
| **LT. ERIC NIPPER, et al.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Tracy Garrett's motion for leave to file an amended complaint and motion for partial dismissal (DE 28 & DE 41). For the following reasons, Plaintiff's motion for partial dismissal is GRANTED and Plaintiff's motion for leave to file an amended complaint is DENIED without prejudice, with leave to refile.

On March 10, 2020, Tracy Garrett, acting *pro se*, filed a formal complaint in this Court, alleging claims under 42 U.S.C. § 1983 for excessive force and deliberate indifference. (DE 8). Following a preliminary review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court determined that the case could proceed against Lt. Eric Nipper and Nurse Amanda Smith, and dismissed the claims against the Bourbon County Regional Detention Center. (DE 16). Since the filing of the complaint, however, Garett has since obtained counsel. (*See* DE 26).

On October 2, 2020, Garrett moved to amend his complaint to clarify that his injuries were exacerbated by "delayed receipt of medical care and … denial of proper medical care at the hands of Southern Health Partners and the nursing team it contracts with" (DE 28-1 at

2). The amended complaint sought to clarify his causes of action[1] and sought to add the following four defendants: Bourbon County Jailer Wesley Burberry, Bourbon County Deputy Jailer Mark Sutton, Southern Health Partners, Inc., and the Kentucky Department of Corrections.

Defendant Lt. Nipper responded in opposition to Plaintiff's motion, arguing that Counts 1 and 2 of the amended complaint — for cruel and unusual punishment and "§ 1983 violations" — fail to state viable claims under the United States Constitution and under Kentucky Law, and further, that all of the official capacity claims against Nipper are insufficient to survive a motion to dismiss. (DE 35).

On January 29, 2021, Plaintiff filed a partial motion to dismiss or withdraw parts of his second motion to amend (DE 41). As grounds, counsel states that

> [a]fter further research, investigation and careful consideration, Mr. Garrett moves to dismiss/withdraw his second motion to amend as it relates to all official capacity claims. Mr. Garrett further moves to withdraw/dismiss his motion to amend as to Wesley Burberry and the Department of Corrections.
>
> Mr. Garrett ... [seeks to] proceed with the remainder of his second motion to amend as to Southern Health Partners, INC., Eric Nipper and Mark Sutton in their individual capacities and Amanda Smith.

(*Id.* at 1-2).

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that even if the party does not seek the amendment within the of-right period, the

---

[1] Plaintiff sought to add the following six causes of action: cruel and unusual punishment under the Eighth Amendment of the United States Constitution and under Section 17 of the Kentucky Constitution (Count 1) (DE 28-3, ¶¶ 36-40); various "§ 1983 Violations" under the Kentucky Constitution, state law and 42 U.S.C. Section 1983 (Count 2) (*Id.*, ¶¶ 43-47); negligence per se (Count 3) (*Id.*, ¶¶ 50-55); excessive force (Count 4) (*Id.*, ¶¶ 58-59); negligence and gross negligence claims (Count 5) (*Id.*, ¶¶ 62-68); and finally, vicarious liability (Count 6) (*Id.*, ¶¶ 71-73). Plaintiff seeks compensatory damages for past and future physical and mental pain and suffering, past and future emotional injury and distress, and for permanent loss of mobility. (*Id.* at 27). He also seeks punitive damages. (*Id.* at 28).

court may give leave to permit such an amendment and should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has read this provision broadly, and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

For purposes of clarifying the record, the Court finds it appropriate for Plaintiff to correct his motion to file a second amended complaint, and attach a *revised* amended complaint as an exhibit to the motion. Therefore, the Court hereby ORDERS as follows:

1. Plaintiff's Tracy Garrett's Motion for Partial Dismissal (DE 41) is GRANTED. Plaintiff's Motion for Leave to File an Amended Complaint (DE 28) is DENIED without prejudice, with leave to re-file.

2. Within seven (7) days from the entry of this Order, Plaintiff shall re-file a new motion to amend the complaint, and attach with it a revised amended complaint. Seven (7) days after such filing, Defendant Eric Nipper shall file a response to the amendment. Thereafter, Plaintiff shall have seven (7) days to file a reply.

Dated February 1, 2021.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY